**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TIMOTHY GRAY,                              *
                                          *
                        Plaintiff,        *
v.                                        *
                                          *
CAROLYN W. COLVIN, Acting                 *          No. 5:13CV00251-JJV
Commissioner, Social Security             *
Administration                           *
                                          *
                        Defendant.        *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Timothy Gray, appeals the final decision of the Commissioner of the Social Security

Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB")

under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI")

benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner

is AFFIRMED.

**I.     BACKGROUND**

On April 9, 2012, Mr. Gray protectively filed for DIB and SSI benefits due to being unable

to swallow, facial paralysis, right eye blindness, right ear deafness - all the residual effects of a

gunshot wound to the face and head.  (Tr. 174)  Mr. Gray's claims were denied initially and upon

reconsideration.  At Mr. Gray's request, an Administrative Law Judge ("ALJ") held a hearing on

February 5, 2013, where Mr. Gray appeared with his lawyer.  At the hearing, the ALJ heard

testimony from Mr. Gray and a vocational expert ("VE").  (Tr. 36-75)

The ALJ issued a decision on March 25, 2013, finding that Mr. Gray was not disabled under

the Act. (Tr. 15-31)  The Appeals Council denied Mr. Gray's request for review, making the ALJ's

decision the Commissioner's final decision.  (Tr. 1-3)

Mr. Gray, who was thirty-one years old at the time of the hearing, has a high education and past relevant work experience as a roofer.  (Tr. 69)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Gray had not engaged in substantial gainful activity since March 3, 2012, and he had the following severe impairments: residuals of a gunshot wound to the right side of the head/face.  (Tr. 17)  However, the ALJ found that Mr. Gray did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14)

According to the ALJ, Mr. Gray has the residual functional capacity ("RFC") to do the full range of work at all exertional levels, but because of the right eye blindness he would have diminished visual depth perception and must avoid work where excellent speech function is required. (Tr. 18)  The VE testified that the jobs available with these limitations were scale operator and basket filler.  (Tr. 70)  Accordingly, the ALJ determined that Mr. Gray could perform a significant number of other jobs existing in the national economy, and found that Mr. Gray was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

### B.      Mr. Gray's Arguments for Reversal

Mr. Gray asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, Mr. Gray contends that the opinion is in error because the ALJ (1) failed to give Dr. Anston's opinion appropriate weight; (2) did not consider degenerative changes in hips and spine to be severe; (3) "wrongly discounted" Mr. Gray's subjective complaints; and (4) did not take his facial pain into account.  (Doc. No. 15)

### 1.      Dr. Anston's Opinion

Mr. Gray contends the ALJ failed to give proper weight to Dr. Anston's opinion regarding his functional limitations.  This argument is without merit.  The ALJ correctly noted that there were inconsistencies in Dr. Anston's opinions and gave it only limited weight.  For example, Dr. Anston found that Mr. Gray could sit more than two hours at a time without needing to get up, but then found that he could sit and stand/walk for only a total of two hours in an eight-hour work day.  He also noted that Mr. Gray could walk two miles without difficulty and would "rarely" experience pain severe enough to interfere with attention and concentration needed to complete work tasks.  (Tr. 931)

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

There was no explanation from Dr. Anston, or supporting objective evidence in the records, to explain why Mr. Gray's physical exertional levels would be anything less than full range. Additionally, the ALJ's full range finding is also supported by Dr. Tulumay-Ugur's assessment. (Tr. 937-941)

      2.     Spine and Hips

Mr. Gray argues that "radiographic evidence shows that [he] has problems with his hips and lower back" and should have been considered in the RFC. (Doc. No. 15) While it is true that x-rays in March and May 2012 showed some degenerative changes in Mr. Gray's hips and lower back, the ALJ did not err in finding these impairments non-severe. First, Mr. Gray did not mention these impairments in his Disability Report.[6] (Tr. 174) Second, Mr. Gray did not complain about any hip or lower back problems during his hearing. Third, presumably, before Mr. Gray was shot in the face, he had been working for years with these alleged impairments.[7]

      3.     Subjective Complaints

Mr. Gray contends the ALJ erroneously found that his headaches were not a severe impairment. (Doc. No. 15) Importantly, Mr. Gray testified that his headaches have gotten better since his injury. He also testified that he no longer takes medication for his headaches, and the ALJ considered this fact in his assessment. (Tr. 54-55) "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may

---

[6]*Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011) (Among other things, ALJ may consider the fact that a claimant did not allege an impairment in his complaint when discounting claimant's allegations).

[7]*Krone v. Apfel*, 187 F.3d 642 (8th Cir. 1999) (finding that "despite some evidence of a possible mental impairment," the fact that claimant continued to work indicated that any impairment was not disabling).

cause pain or discomfort does not mandate a finding of disability."[8]

4.      Facial Pain

Mr. Gray asserts the ALJ erroneously found that his facial pain was controlled by medication; but this finding is supported by the record.  For example, in September 2012, Mr. Gray denied pain and headaches, and his medications were maintained. (Tr. 889)  In fact, that same month, Mr. Gray's treating physician noted that the medications were controlling his pain without side effects. (Tr. 930)  There also were no complaints of pain in November and December 21, 2012.  (Tr. 862, 877, 888)  Additionally, Mr. Gray testified that he now only takes over-the-counter medications for his facial pain.[9]  (Tr. 55)  All of these facts support the ALJ's opinion that the facial pain was not a severe impairment.

## IV.      CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 15th day of September, 2014.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[8]*Jones v. Chater*, 86 F.3d 823,826 (8th Cir. 1996.)

[9]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").